J-S24019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES WARD, | |
| Appellant | No. 1141 MDA 2015 |

Appeal from the Judgment of Sentence May 4, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0002084-2014

BEFORE: GANTMAN, P.J., BOWES, AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED APRIL 07, 2016**

James Ward filed this appeal from the judgment of sentence imposed on May 4, 2015, in this criminal case, and he now seeks to withdraw it. We grant the request to discontinue this appeal.

Appellant was charged with two counts of possession of a controlled substance (heroin) with intent to deliver and one count of possession of a controlled substance (heroin). On February 17, 2015, he tendered a guilty plea to one count of delivery of heroin. On May 4, 2015, the court imposed a standard-range sentence of twenty-four to forty-eight months, rejecting Appellant's request for intermediate punishment due to his lengthy criminal record of drug possession and drug trafficking convictions that was outlined in the pre-sentence report. This appeal followed denial of Appellant's post-

sentence motion to modify his sentence. Counsel filed a petition to withdraw from representation and filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). The one issue raised in the brief was that the trial court abused its discretion in refusing to impose a sentence of intermediate punishment. Counsel complied with the procedural and briefing requirements of **Anders/Santiago**.

On March 8, 2015, after the Commonwealth indicated that it was relying on the trial court opinion and would not file a brief, Appellant filed a motion to discontinue this appeal. Therein, counsel set forth that Appellant "has written to counsel and expressed a desire to withdraw his appeal." Motion, 3/8/16, at ¶ 2. Attached to the motion is a consent to discontinue the appeal with prejudice executed by Appellant. In that document, Appellant states that he understands "that by discontinuing my appeal that I will give up my appellate rights to have the Superior Court of Pennsylvania review my sentence and guilty plea for any errors committed by the Trial Judge." Consent to Discontinue Appeal with Prejudice, 2/24/16, at 1.

Given the facts and circumstances involved in this appeal, we grant the petition for discontinuance. Pa.R.A.P. 1973 (after the appellee's brief is filed, a discontinuance may be granted by leave of court upon application.) We observe that there are no preserved issues of arguable merit. This

discontinuance is granted without prejudice to Appellant's right to seek relief pursuant to the Post-Conviction Relief Act, 42 Pa.C.S. §§ 9541, *et seq.*

Petition of Jonathan Blum, Esquire to withdraw as counsel is denied as moot. Appeal discontinued.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/7/2016